# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
v. ) Case No. 1009012821
)
BRANDON ROBINSON )
)
)
Defendant. )

Submitted: February 18, 2026
Decided: March 30, 2026

## ORDER

Upon consideration of Defendant Brandon Robinson's Motion for Postconviction Relief and Motion for Expansion of the Record; Rule 61 of the Superior Court Rules of Criminal Procedure ("Rule 61"); the arguments set forth in Robinson's motion; relevant statutes and caselaw; and the record in this case, the Court hereby finds as follows:

On December 20, 2010, a grand jury indicted Robinson for Murder First Degree, Attempted Murder First Degree, and two counts of Possession of a Firearm During the Commission of a Felony (PFDCF).[1] In September 2011, a jury found

---

[1] D.I. 3.

Robinson guilty of Murder First Degree and one count of PFDCF.[2] On June 8, 2012, the Court sentenced Robinson to life imprisonment plus eight years.[3]

On direct appeal, Robinson's convictions were affirmed by the Delaware Supreme Court in May 2013. In October 2013, Robinson filed his first Motion for Postconviction Relief in which he raised several issues, including ineffective assistance of counsel and prosecutorial misconduct ("Initial Motion"). Robinson was subsequently appointed counsel, who filed an Amended Rule 61 Motion on April 13, 2015 ("Amended Motion"). In his Amended Motion, Robinson argued he was entitled to relief based on three grounds:

    a. The State committed *Brady* violations when it did not disclose certain statements made by witnesses that were allegedly exculpatory in nature;

    b. Trial counsel was ineffective because he failed to move for a mistrial based on the alleged *Brady* violations; and

    c. Due to cumulative due process errors, Robinson was denied the right to a fair trial.[4]

---

[2] D.I. 48.
[3] D.I. 60.
[4] D.I. 104.

This Court found that while the State's non-disclosure of the statements at issue represented a *Brady* violation, Robinson suffered no prejudice. The Court further determined that Robinson failed to establish that his trial counsel was ineffective or that there were any cumulative errors at trial.[5] On October 13, 2016, the Delaware Supreme Court affirmed the denial of postconviction relief.[6] On November 17, 2025, Robinson filed a second Motion for Postconviction Relief ("Second Motion") and a Motion for Expansion of the Record ("Expansion Motion").

I.    Robinson's Motion for Expansion of the Record

Before considering Robinson's Second Motion, the Court finds it helpful to address the arguments in his Expansion Motion, in which he asks that the Court expand the record to include certain articles of evidence, most of which are already within the record. For instance, Robinson seeks to include in the record the trial testimony of several witnesses, i.e. Jarren Glandton, Officer Cummings, Miguel Ongay, Keisha Henry, Myriam Sevilla, and Matrice Warren and her mother.[7] To the extent these witnesses testified at trial, the record need not be expanded, as their testimony has already been incorporated. Robinson also seeks to have added into

---

[5] D.I. 115 & 117. Robinson's Motion was initially heard by a Superior Court Commissioner, whose findings and recommendations were adopted by a Superior Court Judge.
[6] D.I. 121.
[7] D.I. 134.

3

the record Det. Pfaff's "interview with Mr. Glandton at his home, to show that these materials were not used nor presented at trial," and an affidavit of Tymere Nickerson, an individual who was allegedly unavailable at the time of trial.

Robinson primarily seeks to introduce Det. Pfaff's interview notes into the record to support his argument that because he (Robinson) was the subject of prosecutorial misconduct and ineffective assistance of counsel, Det. Pfaff was permitted to provide false testimony at trial which, in turn, allowed the victim's testimony to go unchallenged.[8] For the reasons set forth below, the Court finds it unnecessary to expand the record to include Det. Pfaff's notes.

Robinson next seeks expansion of the record to include Nickerson's affidavit, as it contains information that purports to give him an alibi. In accordance with Court rules, the Court afforded the State an opportunity to "admit or deny" the correctness of the Nickerson affidavit.[9] The State argues the Nickerson Affidavit does not correctly identify any new evidence that raises "a strong inference that the State convicted the wrong person," as it does not satisfy the test set forth by the Delaware Supreme Court in *Purnell*.[10] The Court shall expand the record to include

---

[8] D.I. 134.
[9] Super. Ct. Crim. R. 61(g).
[10] D.I. 139.

4

the Nickerson affidavit for the very limited purpose of consideration of Robinson's Rule 61 Motion.

## II.    Robinson's Second Motion for Postconviction Relief

In his Second Motion, Robinson again claims that the State committed prosecutorial misconduct and that his trial attorney was ineffective. Both of these arguments are based on the failure of the State and his trial attorney, respectively, to correct the allegedly false trial testimony of the lead detective. Robinson also argues that the discovery of new evidence in the form of a previously unavailable witness "creates a strong inference that [Robinson] is actually innocent."[11]

Before the Court may consider the merits of Robinson's Second Motion, it must first determine the existence of any procedural bars. While Rule 61 permits the presentation of a first postconviction motion, it explicitly prohibits any subsequent such motions, absent certain circumstances. A review of the record reflects that Robinson's first Rule 61 Motion was considered—and ultimately denied—by the Court in February 2016, a decision that was later affirmed by the Delaware Supreme Court. Even so, the Court's rules permit the filing of a

---

[11] D.I. 133.

5

subsequent post-conviction motion if the movant offers new evidence supporting his innocence. [12]

One of the exceptions under Rule 61 requires a submission of new evidence that creates a "strong inference that the defendant was actually innocent of the underlying charges;"[13] in other words, that "someone other than the defendant committed the crime."[14] In *Purnell v. State*, the Delaware Supreme Court articulated a framework to analyze claims of actual innocence under Rule 61, based on newness and persuasiveness.[15] For evidence to be characterized as "new," it must have been "discovered after trial and could not have been discovered before trial with due diligence."[16] With respect to persuasiveness, *Purnell* requires the Court to find that the new evidence would probably change the result if a new trial is granted and is not "merely cumulative or impeaching."[17]

---

[12] Super. Ct. Crim R. 61(d)(2) states:

*Second or subsequent postconviction motions.* A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:

    (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

    (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

[13] *Winn v. State*, 129 A.3d 882 (Table) (Del. 2015).

[14] *State v. Riddock*, 2022 WL 17820366, at *5) (Del. Super. Dec. 19, 2022).

[15] 254 A.3d 1053, 1095 (Del. 2021).

[16] *Riddock*, 2022 WL 17820366 at *5.

[17] *Purnell*, 254 A.3d at 1098.

6

In his Second Motion, Robinson proclaims to have new evidence that comports with Rule 61's actual innocence exception. The first such evidence he offers relates to the allegedly false trial testimony provided by the lead detective in his case, Detective Pfaff.[18] Robinson devotes a substantial portion of his brief to suggest that, because of prosecutorial misconduct and ineffective assistance of counsel, the veracity of the victim's testimony was never challenged at trial. In support of his position, he summarizes the trial testimony of various witnesses which, in his opinion, refute that of the victim. The Court does not find that the trial testimony of Det. Pfaff—or, indeed, *any* of the aforementioned witnesses—may fairly be characterized as "new" within the meaning of the Rule. Nor could Det. Pfaff's notes be considered "new" as they were in existence at the time of trial. It appears that Robinson is requesting that the Court review the trial testimony and essentially enter a verdict contrary to that of the jury. The Court declines to do so.

Robinson also proffers as new evidence the affidavit of an individual, Tymere Nickerson, who purportedly provides Robinson with an alibi and thus, proves his actual innocence. In his affidavit, Nickerson claims to have accompanied Robinson to another individual's house ("Woo house") earlier on the day of the murder. Nickerson further explains that he did not previously disclose the information

---

[18] Although Robinson never provides the name of the lead detective, the Court believes that this individual is Detective Pfaff, according to pg. 86 of the transcript of the trial testimony. D.I. 65.

7

contained in his affidavit "because of dealing with his own court issues."[19] Robinson similarly excuses the timeliness of the Nickerson affidavit, alleging that Nickerson was unavailable at the time of Robinson's trial due to "Nickerson being on the run for his own murder trial, and dealing with his own problems around the time."[20]

The Court first determines whether the Nickerson affidavit constitutes "new" evidence. Robinson does not provide a reasonable explanation for why the information in the Nickerson affidavit "could not have been discovered before trial with due diligence."[21] Ostensibly, if Robinson was with Nickerson at the time of the murder, then Robinson *knew* at the time of the trial that this additional alibi evidence existed. The fact that Nickerson was involved with his own legal issues does not render him inaccessible or unavailable despite the exercise of due diligence. The Court does not find that the information described by Nickerson is new.

Even if the Court had determined otherwise, the Court is not persuaded that the information contained in the Nickerson affidavit would probably change the result if a new trial were granted. Nickerson does not provide a definitive time that he was with Robinson, nor does he specify the particular location of Woo house, which is where he last saw Robinson. At best, Nickerson establishes that at some

---

[19] D.I. 133, Ex. D.
[20] D.I. 133.
[21] *Purnell*, 254 A.3d at 1097.

8

indeterminate time prior to hearing gunshots (which he does not ascribe to be those involved in the murder), he and Robinson interacted with one another. Nickerson's statements fail to establish that Robinson *was not* present at the incident location at the time of the murder. As the Supreme Court has stated: "[s]atisfying the actual innocence test is, by design, a heavy burden, and such meritorious claims are exceedingly rare."[22] The Court does not find that Robinson has articulated evidence that meets this threshold.

For the foregoing reasons, Robinson's Motion for Postconviction Relief is hereby **DENIED.**

**IT IS SO ORDERED.**

Monica A. Horton, Judge

Original to Prothonotary
cc: Brandon Robinson (SBI# 00611129)

---

[22] *Purnell*, 254 A.3d at 1100.